IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ELIZABETH REYES ) | |
| ) | |
| ) | |
| v. ) | Case No.: 5:19-cv-00663 |
| ) | |
| AETNA LIFE INSURANCE COMPANY; ) | |
| and FIRSTSERVICE RESIDENTIAL, INC. ) | |
| EMPLOYEE BENEFITS PLAN ) | |

**JOINT ADR REPORT**

Pursuant to Local Rule CV–88(b) and the Scheduling Order (Doc. 29), Plaintiff Elizabeth Reyes ("Plaintiff") and Defendant Aetna Life Insurance Company ("ALIC") (collectively, the "Parties"), jointly submit this ADR Report and show as follows:[1]

1. **Status of settlement negotiation.**

    The Parties are currently engaged in informal, counsel to counsel settlement negotiations, and have exchanged written settlement offers as required under the Scheduling Order.

2. **Identity of person(s) responsible for settlement negotiation for each party.**

    Plaintiff – Lee Fernon of the Sinclair Law Firm

    ALIC – Anna E. Imose of McAfee & Taft, A Professional Corporation

3. **Evaluation of whether alternative dispute resolution is appropriate in this case.**

    The Parties disagree on whether alternative dispute resolution is appropriation in this matter.

---

[1] Defendant FirstService Residential, Inc. (FSR) was only recently added back into the case and has not yet filed an Answer. FSR and Plaintiff are actively involved in settlement negotiations concerning the document penalty claim.

**Plaintiff**

Plaintiff began settlement discussions immediately after filing suit and has not stopped her efforts since. The Parties' respective positions does not leave much optimism that ADR would be likely to yield any benefit. The poor prospects of success and financial difficulties caused by Aetna's cessation of benefit payments means this is not an expense Plaintiff can currently bear. However, Plaintiff is certainly willing to attend if Aetna is willing to pay for mediation. Aetna can choose the mediator.

**ALIC**

ALIC believes that alternative dispute resolution through mediation is appropriate in this case. ALIC believes that a mediator with ERISA experience is in a position to achieve progress towards settlement that is more significant than the Parties' efforts to date. This is because the Parties can likely better communicate through a neutral intermediary the issues currently impeding settlement and more quickly exchange settlement offers. ALIC is willing to completely cover the neutral's compensation if Plaintiff is willing to attend mediation in good faith.

Respectfully submitted,

*s/Lee P. Fernon*
Lee P. Fernon
Sinclair Law Firm LLC
2000 SouthBridge Parkway, Suite 601
Birmingham, AL 35209
lfernon@sinclairlawfirm.com

**COUNSEL FOR PLAINTIFF**

*s/Anna E. Imose*
Anna E. Imose
Oklahoma Bar No. 32021
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
Fax:    (918) 599-9317
Email: anna.wolfe@mcafeetaft.com

**COUNSEL FOR AETNA LIFE INSURANCE COMPANY**